## ISAAC LONG, RESPONDENT, *v.* JOSEPH TAYLOR, APPELLANT.

*Evidence — in an action to recover an account for articles sold the character of a party, in respect to his " manner of keeping accounts," cannot be proved.*

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee in an action in Erie County Court on two accounts, one arising in a grist mill, the other in a saw mill.

The action was brought to recover of the defendant a grist mill account and a saw mill account.

Upon the trial, Elias Rust, who had been a copartner with plaintiff from 1862 to 1876, and kept the books of the firm, was called as a witness and allowed to testify as to his recollection of the general accounts of the defendant with the firm.

The court at General Term said: "Appellant contends the referee erred in excluding evidence of witness Aldrich as to plaintiff's character in respect to dealings and manner of keeping accounts, and confining witness to particular acts of dishonesty.

"By the case it appears Ira Aldrich was called as a witness for the defendant, and he testified that he ' had dealt with plaintiff at the mill; had occasion to settle with him ; Mr. Long was keeping books

at the grist mill at that time.' He was asked, viz. : Question. 'What is the plaintiff's character *in respect* to his dealings and manner of keeping accounts?' This was objected to by the plaintiff. The referee ruled that witness may state any particular act of dishonesty or error in books, but excluded the question asked. To this ruling the defendant's counsel excepted.

"(1.) When the question was put the plaintiff's books had not been read in evidence. Rust, a partner, had been put upon the stand and taken the firm's books and looked at certain entries therein made by him, which he did not recollect without the books, and upon looking at them he verified them, and his entries were introduced. (*Collins* v. *Rockwood*, decided, Fourth Dep., June, 1882, and *Guy* v. *Mead*, 22 N. Y., 462.)

"(2.) The question was too broad; it called for the plaintiff's character in respect to * * * 'his manner of keeping accounts.' No case has been cited which goes to the extent of allowing a witness to express *an opinion* as to a party's character as to 'his manner of keeping accounts,' and we do not understand from the case of *Tomlinson* v. *Borst* (30 Barb., 46) that any such rule was favored by the court in the decision of that case. No such rule is sanctioned by *Larue* v. *Rowland* (7 Barb., 110). In that case it was remarked incidentally that fraudulent circumstances may be proved for the purpose of rendering the evidence incompetent."

*A. C. Calkins*, for the appellant.

*Hosea S. Heath*, for the respondent.

Opinion by HARDIN, J.; SMITH, P. J., and MACOMBER, J., concurred.

Judgment affirmed.